[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} On November 8, 2001, at 8:41 p.m., defendant-appellant Marc Hamilton was driving his car when state highway patrolman Paul Lazotte stopped him for a defective license-plate tag. The officer immediately smelled the odor of alcohol on Hamilton's breath. The officer also noticed that Hamilton's eyes were red and bloodshot and that his speech was slurred. Hamilton failed a heel-to-toe test and admitted that he had had a few beers that night. At 10:17 p.m., an intoxilyzer test was administered at the police station. Hamilton's blood-alcohol content registered .107. At trial, Lazotte testified that, in his opinion, Hamilton was under the influence of alcohol at the time he was stopped.
{¶ 3} Harry Plotnick, an expert, testified at trial that he could accurately estimate Hamilton's blood-alcohol level at the time Hamilton was operating the car. Plotnick testified that, when determining alcohol content, he generally evaluated the type and amount of the beverage consumed and the weight of the person tested. Plotnick testified that, in his expert opinion, Hamilton's likely blood-alcohol content was slightly below .10 at the time he was driving his car.
{¶ 4} In his sole assignment of error, Hamilton contends that the trial court erred in finding that the results of the intoxilyzer test created an irrebutable presumption that he had violated R.C.4511.19(A)(3). We do not agree.
{¶ 5} R.C. 4511.19(A)(3) provides the following in relevant part: "No person shall operate any vehicle * * * if any of the following apply: (3) The person has a concentration of ten-hundredths of one percent or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath." An intoxilyzer test is admissible if the bodily substance is withdrawn within two hours of the time of the alleged violation.[1]
{¶ 6} While the accuracy and validity of the blood-alcohol test was not being challenged in this appeal, as it was stipulated according to the record, Hamilton contends that the trial court conclusively presumed guilt based on the intoxilyzer test alone in contravention ofState v. Tanner.[2] In that case, the Ohio Supreme Court held that R.C. 4511.19(A)(2) does not create an irrebutable presumption because the defendant may still challenge the accuracy of the test result and any other evidence.[3]
{¶ 7} In this case, the trial court specifically stated that it had not considered the intoxilyzer test result to give rise to an irrebutable presumption. At trial, the court stated that "the Supreme Court said * * * that there is no presumption, it is an element of the charge. That's what it says. Element of the charge." Given the court's statements on the record, we hold that the trial court properly considered the intoxilyzer test result only as evidence of Hamilton's blood-alcohol concentration at the time that he was arrested and what it may have inferred about the time he was driving, not as conclusive proof.
{¶ 8} To the extent that Hamilton raises arguments based on the weight and the sufficiency of the evidence, we find that, in light of Lazotte's testimony and the intoxilyzer test result, sufficient evidence was presented to support a finding of guilt.[4] Further, having reviewed the entire record, we conclude that the judgment of the trial court was not otherwise against the manifest weight of the evidence.[5]
Accordingly, we overrule Hamilton's sole assignment of error and affirm the judgment of the trial court.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] See Newark v. Lucas (1988), 40 Ohio St.3d 100, 532 N.E.2d 130, paragraph one of the syllabus.
[2] See State v. Tanner (1984), 15 Ohio St.3d 1, 472 N.E.2d 689.
[3] See id. at 693-694.
[4] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 5.
[5] See id. at 387.